David Abrams, Attorney at Law
305 Broadway Suite 601
New York, New York 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Eastern District of New York
_____

|  |  |  |
|---|---|---|
| Michael Dinets, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| - against - | ) | Case No. |
| | ) | |
| ALL METRO MANAGEMENT | ) | |
| AND PAYROLL SERVICES | ) | |
| CORPORATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

_____)

## COMPLAINT

Plaintiff, complaining of the Defendant by his attorney, David Abrams, Attorney at Law, respectfully sets forth and allege as follows:

**I.   Introduction**

1.   This is an action for unpaid overtime under the Fair Labor Standards Act ("FLSA") and New York Wage & Hour Regulations.

**II.   Parties**

2.   Plaintiff Michael Dinets ("Plaintiff" or "Mr. Dinets") is a natural person residing in the State of New York, County of Queens.

3.   Defendant ALL METRO MANAGEMENT AND PAYROLL SERVICES CORPORATION (the "Employer") is a Delaware corporation with a principal place of business in the State of New York, County of Nassau.

4.      The Employer is in the business of operating a home healthcare company.

**III.     Venue & Jurisdiction**

5.      Venue in the Eastern District of New York is appropriate pursuant to 28 U.S.C.

Section 1391(b)(1) and 28 U.S.C. Section 112(b) in that the Employer has a continuous

and systematic presence in the Eastern District of New York.

6.      Subject matter jurisdiction over this action exists pursuant to 28 U.S.C. Sections

1331 and 1367 in that a claim is made that arises under the laws of the United States,

specifically the Fair Labor Standards Act, 29 U.S.C. Section 201 et seq.  The remaining

claims arise from the same case or controversy, i.e. Plaintiff's state law overtime claims.

7.      Personal jurisdiction exists over the Employer in that this action arises from its

activities in New York, specifically the employment of the Plaintiff.  Alternatively,

personal jurisdiction exists because of the Employer's contacts with New York as set

forth in this Complaint.

**IV.     Background**

8.      Plaintiff was employed by the Employer as an administrative assistant for

approximately 12 years until his employment ended in or about June or July of 2020.

9.      For most of his employment, Plaintiff's normal working hours were from 9 to 6

with an hour lunch break for a total of 40 hours per week.  His terminal rate of pay was

$17 per hour.

10.     In March of 2020, at the instructions of the Employer, Plaintiff started working

from home.  Additionally, Plaintiff's job duties were modified so that he had to deal

directly with home attendants.

11.     During this time period, Plaintiff continued to work his core schedule of 40 hours per week but in addition he regularly fielded calls from home attendants outside of these hours, which amounted to at least 5-10 hours extra per week.

12.     Plaintiff received no compensation at all for these extra hours despite complaining to management that he was being overworked.

**V.      Causes of Action and Demand for Relief**

<u>Count One: Violation of the Fair Labor Standards Act</u>

13.     The allegations contained in the preceding paragraphs are incorporated as if restated herein.

14.     At all times relevant to this Pleading, the  Employer's annual gross volume of sales made or business done was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

15.     Further, numerous employees of the Employer made use of instrumentalities of interstate commerce, as evidenced by the fact that the Employer has offices in New York, New Jersey, and Florida and therefore numerous telephone calls and emails must be regularly sent across state lines by numerous employees of the Employer in the course of their job duties.

16.     Accordingly, the Employer is a covered employer under the Fair Labor Standards Act.

17.     The Employer violated the Fair Labor Standards Act in that it failed to pay a proper overtime premium to Plaintiff.

<u>Count II:</u>        <u>Violation of New York Wage & Hour Law</u>

18.     The allegations contained in the preceding paragraphs are incorporated as if restated herein.

19.     Plaintiff was an employee of the Employer within the meaning of the New York Minimum Wage Act and accompanying regulations.

20.     The Employer was an employer within the meaning of those same regulations.

21.     The Employer violated the above regulations in that it did not pay Plaintiff wages or overtime premiums for the extra hours described above.  Further, the Employer failed to give proper notice under the Wage Theft Prevention Act.

WHEREFORE  Plaintiff respectfully demands judgment against the Employer in the amount of his unpaid overtime and lost wages together with appropriate liquidated, compensatory and other multiple damages, costs, fees, interest; and such other and further relief that the Court deems just in a total amount not to exceed $25,000.

Respectfully submitted,

/s/ David Abrams

_____

David Abrams
 Attorney for Plaintiff

305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821

Dated:          New York, NY
                October 21, 2021

4